## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 26-mj-23  (PM/DLM) |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION TO PROHIBIT DEPORTATION OR REMOVAL OF MATERIAL WITNESSES** |
| ALFREDO ALEJANDRO ALJORNA, | |
| Defendant. | |

The Defendant, ALFREDO ALEJANDRO ALJORNA, by and through his attorney, FREDERICK J. GOETZ, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Miller v. Pate*, 386 U.S. 1 (1967); *Giles v. Maryland*, 386 U.S. 66 (1967); *Moore v. Illinois*, 408 U.S. 786 (1972); *United States v. Bagley,* 473 U.S. 667, 676 (1985); *Kyles v. Whitley*, 115 S.Ct.1555 (1995); *Youngblood v. West Virginia,* 126 S.Ct. 2188, 2190 (2006); and the Court's Brady Obligation Order (ECF 9); moves that the Court order the United States Government, and all agencies thereof including specifically the Department of Homeland Security, to not deport or remove from the United States any material witness until the conclusion of all proceedings related to the above captioned case. This includes all individuals present within the SUBJECT RESIDENCE, being an apartment building located at 6xx North 24th Avenue, Minneapolis, MN 55411, at the time

of the subject incident described in the Affidavit in Support of Criminal Complaint. (ECF 1-1). Upon information and belief, such individuals include:

1. Co-defendant Julio Cesar Sosa-Celis;

2. Witness V.T.M.; and

3. Witness I.M.C.

Upon information and belief, all these witnesses would provide testimony that is material and favorable to the defendant's defense. Specifically, these witnesses would testify that Alfredo Alejandro Aljorna (Aljorna) did not strike or otherwise assault Enforcement Removal Officer #1 (ERO# 1) with any object, including a broom or a shovel, or otherwise assault ERO #1 as alleged. Moreover, said witnesses would provide favorable testimony supporting defendant's defense that ERO#1 is falsely claiming defendant Aljorna and others assaulted him in order to justify his unreasonable use of deadly force against Aljorna and Sosa-Celis.[1]

Deportation of a material witness may implicate a defendant's Sixth Amendment right to compulsory process and his Fifth Amendment right to due process. *United States v. Valenzuela-Bernal,* 458 U.S. 858, 866 (1982). While the executive branch has an obligation to enforce immigration laws, deporting or

---

[1] Upon information and belief, the lawfulness of ERO #1 use of deadly force is the subject of investigation by Minnesota State authorities and Hennepin County authorities.

removing from the United States a witness in a criminal proceeding who has material and favorable evidence to an accused may violate the Sixth Amendment and the Fifth Amendment. See *United States v. Moussaoui,* 382 F.3d 453, 474-75 (4th Cir. 2004) (the Government's good faith deportation of the potential witnesses would be sanctionable if the witnesses were material to the defense); *United States v. Leal-Del Carmen,* 697 F.3d 964, 970 (9th Cir. 2012); see also *United States v. Bran*, 950 F. Supp. 2d 863, 871 (E.D. Va. 2013).

The Ninth Circuit has held:

> Once the government is aware that an alien has potentially exculpatory evidence, it must treat that person as a material witness and give defense counsel the opportunity to interview him and make a reasoned determination whether to seek his retention pending trial. This means the witness may not be deported before defense counsel has been retained or appointed and has had a fair opportunity to interview him. If defense counsel advises the government that the witness may be useful to the defense, he may not be deported until defense counsel indicates he is no longer needed. If the government wants to deport the witness notwithstanding defense counsel's wishes, it must obtain permission from the district court on a showing of good cause, which defense counsel must have the opportunity to oppose; it must also afford defense counsel the opportunity to cross-examine the witness and preserve the testimony for trial.

*Leal–Del Carmen,* 697 F.3d at 970. After all, "the government is uniquely empowered to deport witnesses and thus put them outside the reach of defense counsel and the district court. It may not use that power to give itself an unfair advantage." *Id.* at 971.

3

The Ninth Circuit also addressed, and resolved, any concerns that prohibiting the federal government from deporting or removing witnesses with material evidence favorable to an accused would interfere with the executive branch's enforcement of immigration laws:

> These requirements will not interfere with the execution of the nation's immigration laws. The government remains free to deport witnesses it has no reason to believe possess exculpatory evidence. At most, the government will be required to keep a small number of aliens a few extra days or weeks. The government has already shown that retaining witnesses for trial is not an undue burden, having kept three witnesses to support its own case. The government's duty of evenhandedness and fair play in criminal matters, embodied in such cases as *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), and *Brady v. Maryland,* 373 U.S. 83, 87–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), allows it to "strike hard blows" but not "foul ones." *Berger,* 295 U.S. at 88, 55 S.Ct. 629. The government is uniquely empowered to deport witnesses and thus put them outside the reach of defense counsel and the district court. It may not use that power to give itself an unfair advantage. *See California v. Trombetta,* 467 U.S. 479, 486, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) ("[W]e have suggested that the Federal Government might transgress constitutional limitations if it exercised its sovereign powers so as to hamper a criminal defendant's preparation for trial.").

*Leal-Del Carmen*, 697 F.3d at 970–71.

Upon this authority, defendant moves that the Court order the executive branch, and all agencies thereof, not to deport or remove from the United States any material witness until the conclusion of all related criminal proceedings against the defendant including but not limited to the following:

1. Co-defendant Julio Cesar Sosa-Celis;

4

2.  Witness V.T.M.; and

3.  Witness I.M.C.

Respectfully submitted,

DATED:  February 2, 2026

GOETZ & ECKLAND P.A.


By:   *s/Frederick J. Goetz*
FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 First Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR DEFENDANT